IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RIO GRANDE SILVERY MINNOW
(*Hybognathus amarus);* SOUTHWESTERN
WILLOW FLYCATCHER (*Empidonax
trailii extimus);* DEFENDERS OF WILDLIFE;
FOREST GUARDIANS; NATIONAL
AUDOBON SOCIETY; NEW MEXICO
AUDOBON COUNCIL; SIERRA CLUB;
and SOUTHWESTERN ENVIRONMENTAL
CENTER,

    Plaintiffs,

vs.                                                          No. CIV 99-1320 JP/RLP-ACE

J. WILLIAM MCDONALD, et al.,

    Federal Defendants,

and

MIDDLE RIO GRANDE CONSERVANCY
DISTRICT,

    Defendant-Intervenor,

STATE OF NEW MEXICO,

    Defendant-Intervenor,

CITY OF ALBUQUERQUE,

    Defendant-Intervenor,

RIO DE CHAMA ACEQUIA ASSOCIATION,

    Defendant-Intervenor.

## **MEMORANDUM OPINION AND ORDER**

On April 4, 2001 Plaintiffs moved to set a briefing timetable and a date certain (sometime in late June) for hearing the merits of Plaintiffs' case. (Doc. No. 198). Defendants concur in the motion, in part out of a desire to resolve this case before stretches of the Rio Grande run dry, which may be as soon as June. As part of that concurrence, Plaintiffs and Defendants agreed among themselves that Plaintiffs' case should be decided on the administrative record, which Defendants represent the parties will have by May 1, 2001 (Doc. No. 209 at n. 2). Three of the four Intervenors filed timely written oppositions to the motion. The fourth filed a late response.[1] In opposing the motion, the Intervenors--who are aligned as Defendants--take the odd position that all or at least some of Plaintiffs' claims should be decided by a preponderance of the evidence rather than under the more stringent standard of review of an administrative record for arbitrary and capricious conduct.[2]

The State of New Mexico opposes the motion to set a briefing schedule on the ground that a decision of the case, or at least Plaintiffs' First Claim for Relief, following a hearing in late June is premature because no Biological Opinion has been produced as a result of ongoing consultations.[3] The State of New Mexico essentially argues that Plaintiffs' First Claim for Relief is

---

[1] The Rio de Chama Acequia Association was admitted to this case as a Defendant-Intervenor on April 6, 2001 (Doc. No. 200) but did not respond to the pending motion until April 27, 2001 (Doc. No. 211).

[2] Plaintiffs and the MRGCD took positions in briefing last year that are nearly opposite from those they take now.

[3] Plaintiffs in their First Claim for Relief contend that Defendants are failing to consult with the Fish and Wildlife Service about certain actions in and around the middle Rio Grande.

not ripe, although they do not use the words "ripe" or "ripeness." I rejected a ripeness challenge as to all claims last summer. (Doc. No. 109).

Plaintiffs' and Defendants' proposal regarding an administrative record relates only to Plaintiffs' claims and not the various cross- and counter-claims that have been filed. The Middle Rio Grande Conservancy District ("MRGCD") nevertheless expresses great concerns about one of its three cross-claims which is essentially a quiet title action and a request for a declaration that section 7 of the Endangered Species Act does not apply to the MRGCD. The MRGCD objects to its cross-claim regarding title being decided following an examination of the administrative record for arbitrary and capricious conduct. I agree that such a course would be improper and that the parties to whom the MRGCD's cross-claim on ownership relate should be entitled to fast-track discovery as to it. I further agree that the MRGCD's cross-claim on ownership (and the Rio de Chama Acequia Association's Count 5, to the extent there is a title dispute) should be decided as any other civil case.[4] The cross- and counter-claims should be addressed in the same briefs as Plaintiffs' administrative record claims. I will reserve ruling on the sequence in which to hear and to try all the claims in this case. In the briefing described herein, the parties should address the allegation raised by the government that the MRGCD's claim to ownership of certain diversion and storage facilities is irrelevant to resolution of Plaintiffs' First Claim for Relief regardless of how Plaintiffs' First Claim for Relief is resolved.

---

[4] The Rio de Chama Acequia Association's Counts 1 and 2 appear to be moot. Count III of the MRGCD and Count 7 of the Rio de Chama Acequia Association are for injunctive relief and contain no legal cause of action. Counts 3 and 4 of the Rio de Chama Acequia Association are constitutional claims which should not be decided on the administrative record.

The MRGCD also cautions that an administrative hearing as to Plaintiffs' claims is unwarranted at this stage because of outstanding factual disputes. Findings of fact in an administrative proceeding are necessary, Olenhouse v. Commodity Credit Corp., 42 F.3d 1560, 1576 and 1580 (10th Cir. 1994), and I will make them.

The City of Albuquerque ("the City") objects to Plaintiffs' motion as premature. The City accuses Plaintiffs and Defendants of attempting by stipulation to circumvent improperly a jurisdictional question that must first be answered, namely, whether this case is properly decided on the administrative record. The City further indicates that it has plans to file motions for summary judgment that it believes would be thwarted, by operation of the principle stated in Olenhouse, 42 F.3d at 1580, if this case involves challenges to a federal agency's actions as opposed to a failure to act.

As to its argument that Plaintiffs' claims should not be decided in accordance with the Administrative Procedure Act, the City provides no support. As the government illustrates, with legal support, courts have decided cases against federal agencies under each of Plaintiffs' five claims in accordance with the Administrative Procedure Act.[5] Wyoming Farm Bureau Federation v. Babbitt, 987 F. Supp. 1349, 1355-56 (D. Wyo. 1997) (Plaintiffs' Second and Fifth Claims for Relief, and the Rio de Chama Acequia Association's Count 8), rev'd, 199 F.3d 1224, 1231 (reversing on the merits but observing nonetheless that Administrative Procedure Act standard of review applied and that case should be decided on administrative record); Natural Resources

---

[5] In their opening brief, Plaintiffs describe claim one as their "principal" claim (Doc. No. 199 at 1), then in reply concede that claim one might be moot (Doc. No. 210 at 3). If Plaintiffs intend to abandon any of their five claims, they should indicate that immediately in writing.

Defense Council v. Houston, 146 F.3d 1118, 1125 (9th Cir. 1998) (Plaintiffs' Third Claim for Relief); Sierra Club v. Glickman, 67 F.3d 90, 95 (5th Cir. 1995) (Plaintiffs' First and Fourth Claim for Relief).  To the extent the City contends that this case should be decided at a trial de novo because the case contains certain challenges under the Endangered Species Act to agency inaction, the City is mistaken.  Because the Endangered Species Act has no internal standard of review, courts are to turn to the Administrative Procedure Act.  Forest Guardians v. Babbitt, 174 F.3d 1178, 1186 (10th Cir. 1999).  Section 706 of the Administrative Procedure Act requires that a court "review the whole record or those parts of it cited by a party" regardless of whether the challenge is to "compel agency action unlawfully withheld or unreasonably delayed" or to an actual agency action.  5 U.S.C. § 706.  To the extent the City asks me to render an advisory opinion on yet-to-be-filed motions for summary judgment, I decline to do so.  The City of Albuquerque's attorneys can decide for themselves how best to expend the City's resources in light of the rulings made in this Memorandum Opinion and Order.  Finally, with respect to the City's jurisdictional objection, I note that federal question jurisdiction is quite obvious and that this Court will sit as an appellate court at least with respect to reviewing Plaintiffs' claims regarding agency action.  Olenhouse, 42 F.3d at 1580.  The City and others may argue, in accordance with the briefing schedule adopted below, the question of whether something other than the Rules of Appellate Procedure will apply to claims of agency inaction.[6]

---

[6] The MRGCD's Count II and the Rio de Chama Acequia Association's Counts 5 (to the extent there is no title dispute) and 6 are claims for a declaration that the Endangered Species Act is inapplicable to them.  These counts should therefore be decided in the same manner as Plaintiffs' administrative claims.

The City's other concern, shared by the other objecting Intervenors to varying degrees, is to the possible preclusion of discovery. I decline to make a finding regarding whether discovery as to Plaintiffs' administrative record claims would be appropriate and will leave that determination to Magistrate Judge Puglisi. Nevertheless, I will make two observations. First, Plaintiffs' claims are strictly against Defendants and both of those parties have agreed to resolve Plaintiffs' case on the record which Defendants have supplied. Second, it appears that the objecting Intervenors overstate their fears about having to work exclusively with the record which Defendants have gathered and given to them (or will give to them very soon.) It may be possible to expand the administrative record, e.g., Bar MK Ranches v. Yuetter, 994 F.2d 735, 739 (10th Cir. 1993); Sierra Club v. Yeutter, 911 F.2d 1405, 1421 (10th Cir. 1990) (citing Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971)), when challenging an agency inaction, e.g., Friends of the Clearwater v. Dombeck, 222 F.3d 552, 560 (9th Cir. 2000).

IT IS THEREFORE ORDERED THAT Plaintiffs' and Defendants' motion to set briefing schedule will granted as follows:

1. All parties must state in letters to me by not later than Monday, May 14, 2001 their views on the order in which to decide all of the claims in this case.

2. Plaintiffs must file an opening case brief, with argument specific to every claim they intend to pursue, every cross-claim, and every counter-claim, by not later than Monday, May 14, 2001;

3. Defendants and Defendant-Intervenors must file response briefs, or as to cross- and counter-claims opening briefs, by not later than Monday, June 11, 2001;

4. Plaintiffs may file a reply brief by not later than Wednesday, June 20, 2001;

5.	Cross-defendants and counter-defendants may file a response brief to the opening briefs on cross-claims and counter-claims by not later than Friday, June 22, 2001.

6.	I will reserve setting a hearing date or a trial date until after hearing from counsel on the sequence in which to decide all of the pending claims and after reading some of the briefs.

_____
CHIEF UNITED STATES DISTRICT JUDGE